IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:24-CR-79-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DAVID HUGH MACINTOSH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on a motion by Defendant's counsel to withdraw. [DE-49]. This court held a hearing on the motion on April 9, 2026. For the reasons stated below the motion is denied.

I.

On or about November 26, 2024, the Grand Jury returned an indictment against Defendant. [DE-1]. On December 10, 2024, Defendant appeared before the court for his initial appearance, and the Office of the Federal Public Defender was appointed to represent Defendant. [DE-13, -14]. Defendant's pretrial motions deadline and arraignment were continued on motion by defense counsel three times when, on July 10, 2025, counsel moved in accordance with 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. [DE-27]. The court granted the motion and directed that Defendant be submitted to the Bureau of Prisons for examination. [DE-28]. A report evidencing an evaluation has since been filed with the court. Subsequently, on October 6, 2025, defense counsel moved to withdraw and to continue Defendant's competency hearing and arraignment scheduled for October 16, 2025, because of a breakdown in the attorney-client relationship such that counsel could not effectively represent Defendant. [DE-31]. The motion was allowed and Defendant's arraignment and competency

hearing were continued to the December 15, 2025 term of court. [DE-32]. In its order the court cautioned Defendant "that he is entitled to a competent court-appointed attorney, not an attorney of his own choosing at the government's expense, and Defendant should endeavor to work cooperatively with new counsel." *Id.* at 2 (emphasis in original). On October 7, 2025, Defendant's present counsel, Mr. Payne, filed a notice of appearance. [DE-33]. Thereafter, upon Defendant's motion, the court continued Defendant's arraignment and competency hearing until February 10, 2026, and allowed additional time for Defendant to file pretrial motions. [DE-38]. Defendant's arraignment and competency hearing were subsequently continued to allow the court to take up Defendant's pretrial motions, which have since been resolved, and the arraignment and competency hearing are currently set for May 12, 2026. [DE-39, -45, -47, -48]. On April 1, 2026, Defendant's counsel filed a motion to withdraw. [DE-49]. In the motion counsel indicates that his relationship with Defendant has been irreparably harmed and the Defendant desires to have different counsel. Counsel indicates further that he has traveled to see Defendant while in custody but that Defendant has refused to see him.

II.

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). However, the Sixth Amendment's guarantee of effective assistance of counsel is not an unqualified right. *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1988). "Such right must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." *Id.* at 108.

2

When presented with a motion to withdraw from representation, the court considers three factors: (1) timeliness of the motion; (2) the reasons for the motion; and (3) "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *United States v. Blackledge*, 751 F.3d 188, 194 (4th Cir. 2014); *see also United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994); *Gallop*, 838 F.2d at 108. When a defendant raises a seemingly substantial complaint about counsel, the judge has an obligation to inquire thoroughly into the factual basis of defendant's dissatisfaction." *United States v. Smith*, 640 F.3d 580, 594 (4th Cir. 2011). Relatedly, "[w]hile motions to substitute counsel often arise at the defendant's urging, when the attorney also seeks to withdraw, the court must thoroughly inquire into the factual basis of any conflicts asserted by counsel." *Blackledge*, 751 F.3d at 194.

In addressing the nature of the conflict, the court must consider "whether the conflict complained of is genuine or merely a transparent plot to bring about delay." *Smith*, 640 F.3d at 591. "A district court may consider whether a purported breakdown in attorney-client communication is, in fact, another such dilatory tactic." *Id*. Importantly, "[e]ven if a breakdown is genuine, after granting one or more substitution motions a court may well decline to grant further motions if it finds that yet another substitution would not remedy the problem." *Id*.

Moreover, "[a] court can properly refuse a request for substitution of counsel when the defendant's own behavior creates the problem." *United States v. DeTemple*, 162 F.3d 279, 289 (4th Cir. 1998). "The district court is not compelled to substitute counsel when the defendant's own behavior creates a conflict." *United States v. Morsley*, 64 F.3d 907, 918 (4th Cir. 1995); *United States v. Belton*, No. 5:18-CR-113-FL, 2022 WL 1081831, at *3–4 (E.D.N.C. Apr. 11, 2022).

III.

3

At the outset of the hearing, defense counsel indicated Defendant had refused to meet with him prior to the hearing. The court inquired of Defendant as to the basis for counsel to withdraw, to which Defendant provided the court with a litany of grievances, most of which appeared to have little to do with counsel's representation of Defendant. It became apparent in the hearing that the crux of the motion was Defendant's unwillingness to cooperate in submitting to a second psychiatric evaluation, presumably to be offered in rebuttal to that which has already been filed with the court. The court once again explained to Defendant that he should endeavor to work with his counsel and that certain decisions by counsel primarily involving trial strategy may be made by counsel alone. After a thorough inquiry of Defendant, the court finds Defendant has failed to show good cause to appoint new counsel. *See United States v. Davis*, No. 7:17-CR-27-FL, 2019 WL 6211222, at *2 (E.D.N.C. Nov. 8, 2019) ("Certain decisions that primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed may be made by counsel without a criminal defendant's consent.") (internal quotations omitted) (citing *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) & *United States v. Teague*, 953 F.2d at 1525, 1531 (11th Cir. 1992) (en banc)).

Accordingly, the motion to withdraw is denied.

SO ORDERED, the 16th day of April 2026.

Robert B. Jones, Jr.
United States Magistrate Judge

4